## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

### CASE NO.:

LEVI CHANOWITZ,

           Plaintiff,

vs.

BANK OF AMERICA, N.A.,

          Defendant.

_____/

### COMPLAINT

**COMES NOW,** the Plaintiff, LEVI CHANOWITZ, by and through undersigned counsel, and brings this action against the Defendant, BANK OF AMERICA, N.A. ("BANA"), and as grounds thereof would allege as follows:

### INTRODUCTION

1.     This is an action brought by a consumer for Defendant's violation of the Real Estate Settlement Procedures Act, 12 U.S.C §§ 2601, *et seq.* ("RESPA"), and its implementing regulations.

2.     The Consumer Financial Protection Bureau ("CFPB") is the primary regulatory agency authorized by Congress to supervise and enforce compliance of RESPA. The CFPB periodically issues and amends mortgage servicing rules under Regulation X, 12 C.F.R. § 1024, RESPA's implementing regulations.

3.     Specifically, Plaintiff seeks the remedies as provided in RESPA for Defendant's failure to comply with Section 2605(k) of RESPA and Section 1024.41 of Regulation X.

## JURISDICTION

4.      Jurisdiction of this Court arises under 28 U.S.C. § 1331 because the Complaint alleges a federal claim and requires the resolution of substantial questions of federal law.

5.      Moreover, this case is a civil action arising under the laws of the United States over which this Court has original jurisdiction under 28 U.S.C. § 1331.

6.      Venue in this District is proper because Plaintiff resides in Broward County, Florida, and this is the District where a "substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2).

## PARTIES

7.      At all times material hereto, Defendant, BANA was and is a banking institution chartered and supervised by the Office of the Comptroller of the Currency ("OCC"), an agency in the U.S. Treasury Department, pursuant to the National Bank Act, duly licensed to transact business in the State of Florida, and has a principal address of 100 N. Tryon St., Suite 170, Charlotte, NC 28202.

8.      BAC Home Loans Servicing, L.P. was a servicing company that had formerly been known as Countrywide Home Loans Servicing, L.P. It was a Texas limited partnership with its principal place of business in Plano, Texas. It was, for a time, a wholly owned subsidiary of Bank of America, N.A. In July 2011, it was merged into Bank of America, N.A. Thus, for ease of reference, BAC Home Loans Servicing, L.P. and Bank of America, N.A. will be referred to as BANA.

9.      At all times material hereto, Plaintiff was and is a resident of Broward County, Florida, and owns a home, which is Plaintiff's primary residence, in Broward County.

10.     At some point in time prior to the violations alleged herein, BANA was hired to service the subject loan.

11.     At all times material hereto, BANA, is and was a loan servicer as the term is defined in 12 U.S.C. § 2605(i)(2) and 12 C.F.R. § 1024.2(b), that services the loan secured by a mortgage upon Plaintiff's primary residence and principal dwelling, located at ***** NW 35th Street, Sunrise, Florida 33323.

## BACKGROUND AND GENERAL ALLEGATIONS

12.     On or about August 1, 2005, Plaintiff entered into an interest only fixed rate promissory note agreement with Fairmont Funding, LTD, a New York Corporation (the "Note").

13.     The Note was secured by a mortgage on Plaintiff's residence located at ***** NW 35th Street, Sunrise, Florida 33323, in favor of Mortgage Electronic Registration Systems, Inc. (the "Mortgage").

14.     The mortgage loan in question is a "federally related mortgage loan" as defined in 12 U.S.C. § 2602(1) and 12 C.F.R. § 1024.2(b).

15.     On March 28, 2014, Loan Lawyers LLC ("Loan Lawyers"), on behalf of Plaintiff, submitted a loss mitigation package ("LMP") to BANA via facsimile. A copy of same was also emailed to BANA's counsel.

16.     Pursuant to 12 C.F.R. § 1024.41(b)(2)(i)(B), BANA was required to provide a written notice within five (5) business days of receipt of the LMP acknowledging receipt of same and whether BANA determined said application to be complete or incomplete. If BANA deemed the LMP incomplete, BANA was required to state in the written notice the additional documents and information that must be submitted to make the LMP complete and a date within which to submit said documents and information.

17.     Thereafter, pursuant to 12 C.F.R. § 1024.41(c), BANA was required to provide a written notice within thirty (30) days of receipt of a "complete loss mitigation application" stating which loss mitigation options, if any, BANA will offer Plaintiff.

18.     A "*complete loss mitigation application*" is defined as "an application in connection with which a servicer has received all the information that the servicer requires from a borrower in evaluating applications for the loss mitigations options available to the borrower." 12 C.F.R. § 1024.41(b)(1).

19.     On March 20, 2014, BANA's counsel emailed Loan Lawyers asking for a "few supplemental materials".

20.     Loan Lawyers subsequently provided the documentation requested.

21.     On May 27, 2014, BANA's counsel emailed Loan Lawyers again asking for a "few supplemental materials."

22.     Loan Lawyers subsequently provided the documentation requested.

23.     On June 9, 2014, BANA's counsel emailed Loan Lawyers asking for additional documentation.

24.     Loan Lawyers subsequently provided the documentation requested.

25.     Since June 10, 2014, BANA has not requested any additional documentation.

26.     On June 10, 2014, Plaintiff's LMP was considered "complete" for purposes of 12 C.F.R. § 1024.41(c).

27.     BANA was required to provide a written notice stating which loss mitigation options, if any, BANA would offer Plaintiff by July 10, 2014, thirty (30) days after the application was considered "complete".

28.     Having not heard from BANA within said timeframe, on July 28, 2014, Loan Lawyers reached out to BANA's counsel seeking an update on the status of the LMP. No response was received.

29.     Loan Lawyers continuously reached out to BANA's counsel seeking a status on the LMP up and through January 2015.

30.     To date, Plaintiff has not received a written response to his LMP.

31.     By failing to provide Plaintiff a written notice within the required timeframe, and after repeated attempts to receive updates on the LMP, BANA has violated 12 C.F.R. § 1024.41(c)(1).

## COUNT I – VIOLATION OF 12 U.S.C. § 2605(k)

32.     Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 31.

33.     Section 6, Subsection (k) of RESPA states in relevant part:

> **(k) Servicer prohibitions**
> **(1) In general**
> A servicer of a federally related mortgage shall not--
> …
> **(C)** fail to take timely action to respond to a borrower's requests to correct errors relating to allocation of payments, final balances for purposes of paying off the loan, or avoiding foreclosure, or other standard servicer's duties;
> **(E)** fail to comply with any other obligation found by the [CFPB], by regulation, to be appropriate to carry out the consumer protection purposes of this chapter.

12 U.S.C. § 2605(k)(emphasis added)

34.     Sections 1024.41 of Regulation X was promulgated pursuant to Section 6 of RESPA and thus subject to RESPA's private right of action. *See 78 Fed. Reg. 10696*, 10714, fn. 64 (Feb. 14, 2013)("The [CFPB] notes that regulations established pursuant to section 6 of RESPA

are subject to section 6(f) of RESPA, which provides borrowers a private right of action to enforce such regulations"). *See also 78 Fed. Reg.* at 10737, 10822 ("The Bureau relies on its authority under sections 6(j)(3), 6(k)(1)(C), 6(k)(1)(E) and 19(a) of RESPA to establish final rules setting forth obligations on servicers to comply with the loss mitigation procedures in § 1024.41").

35.     The CFPB's authority to prescribe such regulations under Section 2605(k)(1)(E), is stated in Section 2617 of RESPA: "The [CFPB] is authorized to prescribe such rules and regulations, to make such interpretations, and to grant such reasonable exemptions for classes of transactions, as may be necessary to achieve the purposes of this chapter." 12 U.S.C. § 2617.

36.     BANA has failed to or refused to comply with 12 C.F.R. § 1024.41(c)(1) in that BANA did not provide a written notice within thirty (30) days of receipt of a complete loss mitigation application stating which loss mitigation options, if any, BANA will offer Plaintiff.

37.     As such, BANA has violated 12 U.S.C. § 2605(k)(1)(C) and 12 U.S.C. § 2605(k)(1)(E).

38.     Plaintiff has hired Loan Lawyers, LLC, for legal representation in this action and has agreed to pay a reasonable attorney's fee.

39.     Plaintiff is entitled to actual damages as a result of Defendant, BANA's failure to comply with Regulation X and RESPA, pursuant to 12 U.S.C. § 2605(f)(1)(A), including but not limited to: emotional distress, anxiety, and shock as a result of BANA's failure to comply with its statutory duties under 12 C.F.R. § 1024.41; and reasonable attorney's fees incurred as a result of having to correspond numerous times with BANA after BANA  failed to comply with its statutory duties under 12 C.F.R. § 1024.41.

40.     Plaintiff is entitled to statutory damages in an amount not greater than $2000 pursuant to 12 U.S.C. § 2605(f)(1)(B), as a result of BANA's pattern or practice of noncompliance with Regulation X and RESPA.

41.     In this case alone, BANA has violated two (2) separate provisions of Regulation X and RESPA.

42.     BANA has given Plaintiff's counsel the runaround since March 2014.

43.     Moreover, Plaintiff's counsel can demonstrate numerous instances relating to other clients under the applicable statutes, in which BANA failed to comply with the applicable law.

44.     Plaintiff is entitled to the costs of this action, together with a reasonable attorney's fee as determined by the court, pursuant to 12 U.S.C. § 2605(f)(3).

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, LEVI CHANOWITZ, respectfully asks this Court to enter an order granting judgment for the following:

(a) That BANA be required to provide a written notice in compliance with 12 C.F.R. § 1024.41(c)(1);

(b) For actual damages, statutory damages, costs, and reasonable attorney's fees, pursuant to 12 U.S.C. § 2605(f); and

(c) Such other relief to which this Honorable Court may deem just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff, LEVI CHANOWITZ, hereby demands a trial by jury of all issues so triable.


Respectfully Submitted,

 /s/ Aaron Silvers
Aaron Silvers, Esq.
Florida Bar No.: 104811
E-mail: asilvers@floridaloanlawyers.com
Yechezkel Rodal, Esq.
Florida Bar No.: 91210
E-mail: chezky@floridaloanlawyers.com
LOAN LAWYERS, LLC
*Attorneys for Plaintiff*
2150 S. Andrews Ave., 2nd Floor
Fort Lauderdale, FL 33316
Telephone:      (954) 523-4357
Facsimile:      (954) 581-2786